**UNITED STATES of America,**

v.

**Ashabi DAVIS, a/k/a Shebe Ashabi Davis, Appellant.**

No. 01–3705.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 24, 2003.

Decided Feb. 6, 2003.

Before NYGAARD, AMBRO, and LOURIE,* Circuit Judges.

OPINION OF THE COURT

NYGAARD, Circuit Judge.

This is an appeal by defendant Ashabi Davis from the judgment of the District Court in a criminal case following a bargained for guilty plea. Davis' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that, in his view, there are no meritorious issues for appeal. Counsel also filed a motion to withdraw his representation. Davis was advised of her right to file a pro se supplemental brief, but has failed to do so. Finding no reversible error, we affirm the District Court and grant counsel's motion to withdraw representation.

As a general rule, the entry of a guilty plea constitutes a waiver of virtually all possible claims for appellate relief except: (1) a claim that the court lacked jurisdiction to accept the plea; (2) a claim that the plea is invalid, according to applicable constitutional and statutory standards; and (3) a claim that the sentence is illegal. See *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Since a guilty plea constitutes an admission that the defendant committed the charged crimes, any claim that is inconsistent with an admission of guilty generally is waived by the plea. *See Broce*, 488 U.S. at 570–75. The guilty plea colloquy conducted by the District Court in this case was extensive and in conformity with the requisites of Rule 11(c) of the Federal Rules of Criminal Procedure. We need not describe the colloquy in detail. It is sufficient to state our conclusion that each of the requirements of Rule 11(c) was amply covered.

We always pay particularly close attention to the factual basis for the plea. In this case, it appeared to have been convincingly established. As the United States Attorney informed the District Court:

If this case went to trial, we would show that there was a scheme to bring cocaine from New York City to the Pocono area, that Ms. Davis was part of this agreement to engage in this conduct. That her husband, James Landron, was one of the leaders of this scheme ... That Ms. Davis joined this scheme, that she would get cocaine at times from James Landron ... that she would sell cocaine herself to others, and that at times she would also cook cocaine, crack cocaine.... The government would also offer the testimony of numerous confed-

---

* Honorable Alan D. Lourie, Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.

erates to this, and who would specify and lay out the terms of this conspiracy and Ms. Davis' involvement in the scheme ... The evidence would prove each of the essential elements of the crime, that being that there was a scheme to distribute cocaine and cocaine base, and that Ms. Davis knowingly and intentionally entered into that scheme, that she also participated in that scheme by selling cocaine herself and by turning cocaine into crack cocaine.

Davis acknowledged the U.S. Attorney's synopsis to be a correct recitation of her involvement.

We have reconfirmed the duty of counsel filing *Anders* briefs to attempt to uncover the best arguments for his or her client, and to explain the faults in possible arguments. *See United States v. Marvin,* 211 F.3d 778 (3d Cir.2000). We have independently examined the scant record in this case and find nothing that would require counsel to do more than he has already done. We are unable to find any ground upon which to disagree with counsel for Davis and the government that the record fails to reveal any non-frivolous issue which would warrant our review.

Therefore, because we have failed to identify any issues of merit in the record before us, we will affirm the District Court's judgment in this matter. Counsel's motion to withdraw will be granted under a separate order.